UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

FAIRVIEW HEALTH SERVICES,

        Plaintiff,


v.                                         **MEMORANDUM OF LAW & ORDER**
                                                       Civil File No. 06-2585 (MJD/AJB)

THE ELLERBE BECKET COMPANY
EMPLOYEE MEDICAL PLAN, and
ELLERBE BECKET, INC., and the Other
Fiduciaries of the Ellerbe Becket Company
Employee Medical Plan, and their successors
also known as The Ellerbe Becket Company,

        Defendants and Third-Party
        Plaintiffs,

v.

BENESIGHT, INC., and THE HAYS
GROUP INC.,

        Third-Party Defendants.

_____

Amanda R. Cefalu and David S. Anderson, McGrann Shea Anderson Carnival Straughn & Lamb, Chtd., Counsel for Plaintiff Fairview Health Services.

Jeffrey W. Coleman, Donald R. McNeil, Jr., and Stephen Buterin, Coleman Hull & van Vliet, PLLP, Counsel for Defendants The Ellerbe Becket Company Employee Medical Plan and Ellerbe Becket, Inc.

Jeffrey A. Ehrich and Jeffrey A. Eyres, Leonard Street and Deinard, PA, Counsel for Third-Party Defendant Benesight, Inc.

1

Kirk O. Kolbo, Maslon Edelman Borman & Brand LLP, Counsel for Third-Party Defendant The Hays Group, Inc.
_____

## I. INTRODUCTION

This matter is before the Court on Third-Party Defendant Benesight, Inc.'s Motion for Judgment on the Pleadings [Docket No. 23] and on Defendants The Ellerbe Becket Company Employee Medical Plan's and Ellerbe Becket, Inc.'s Motion for Judgment on the Pleadings [Docket No. 54]. The Court heard oral argument on January 17, 2007.

## II. FACTUAL BACKGROUND

### A. Parties

Plaintiff Fairview Health Services ("Fairview") is a non-profit Minnesota health care provider. (Compl. ¶ 1.) Defendant Ellerbe Becket, Inc., ("Ellerbe") is an architectural and engineering firm located in Minnesota. (Id. ¶ 2.) Defendant The Ellerbe Becket Company Employee Medical Plan ("Plan") is an ERISA governed self-funded employee welfare benefit plan. (Id. ¶ 3.) Ellerbe is a "named fiduciary of the Plan." (Compl. ¶ 4.) Third-Party Defendant Benesight, Inc. ("Benesight") is a third-party claims administrator ("TPA") hired by Ellerbe to administer claims for the Plan. (Third-Party Compl. ¶¶ 12-13.) Benesight was responsible for submitting claims for benefits payable under the Plan's Stop Loss Policy and Network Services Agreement that United Healthcare Insurance

Company issued to the Plan for the period from January 1, 2000, through January 1, 2001.  (Id. ¶¶ 8, 14.)  Third-Party Defendant The Hays Group, Inc., ("The Hays Group") is a consulting firm hired by Ellerbe to design and develop the Plan and to advise Ellerbe and the Plan in the operation and administration of the Plan.  (Third-Party Compl. ¶¶ 6-8.)

Benesight requests that the Court dismiss with prejudice the claims of Ellerbe, the Plan, and The Hays Group against Benesight.  Ellerbe and the Plan request that the Court dismiss with prejudice all claims asserted by Fairview.

### B.   Facts Alleged in the Complaint

The following facts are alleged in Fairview's Complaint[1]: Fairview provided medical services to Edward Gratz in 2000.  (Compl. ¶ 6.)  At the time that Fairview provided these services, Gratz was an employee of Ellerbe and a participant in the Plan.  (Id.)  Gratz is now deceased.  (Id.)  His surviving spouse, Maria Manion, was a beneficiary under the Plan.  (Id. ¶ 7.)

Before Gratz was admitted to Fairview, he assigned it his rights under the Plan to receive payment for the expenses incurred by Fairview in connection with his treatment.  (Compl. ¶ 6.)  He was admitted on July 7, 2000 and received various services to treat a serious illness.  (Id. ¶ 12.)  The treatment was pre-

---

[1]Although cited by the parties, the Court does not address the facts or claims in Fairview's proposed Amended Complaint in this Order.  The motion to amend is currently under advisement before the Magistrate Judge.

certified by the Plan's agents.  (Id. ¶ 13.)  Gratz's treatment continued through November 6, 2000.  (Id. ¶ 12.)

On November 12, 2000, Fairview submitted a claim for $928,625.95 to Preferred One, a preferred provider organization that had contracted with the Plan, for the expenses associated with the medical care that it provided to Gratz ("Gratz Claim").  (Compl. ¶¶ 17-18.)  The Gratz Claim was forwarded to Benesight on November 28, and Fairview resubmitted the Gratz Claim to Benesight on December 27, 2000; February 21, 2001; and March 27, 2001, because Benesight repeatedly told Fairview that it had received the Gratz Claim, for example on January 15, 2001, and then backtracked and stated that it had no record of the Gratz Claim.  (Compl. ¶¶ 17-22.)

On April 30, 2001, Benesight informed Fairview that it had all the necessary claim information and would soon release payment for the Gratz Claim to Fairview.  (Compl. ¶ 23.)  Based on the Plan documents, Fairview should have received payment within 90 days after the claim was first submitted.  (Compl. ¶ 24.)  However, the Plan has failed and refused to act on the Gratz Claim since November 12, 2000, and has neither paid nor denied it.  (Id.)

### C. Facts Outside the Complaint

In response to Benesight's motion, Fairview submitted affidavits providing outside evidence of further details of its ongoing interaction with Benesight,

Ellerbe, and the Plan. Under Federal Rule of Evidence 12(c), "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

Discovery has not occurred in this case; the outside evidence that the parties submit is incomplete; and the truth and meaning of the documents and affidavit commentary, with the exception of the Plan documents, is contested. At this early stage in the litigation, the Court will treat these motions as motions for judgment on the pleadings, as filed, and not take into account the outside evidence submitted, with the exception of the Plan documents, which are discussed below.

### D.    Procedural History

Fairview filed this action in federal court on June 22, 2006. Fairview asserts three claims against Ellerbe and the Plan: Count I, ERISA § 502(a)(1)(B), claim for benefits due under 29 U.S.C. § 1132(a)(1)(B); Count II, ERISA § 502(a)(2), breach of fiduciary duty claim under 29 U.S.C. § 1132(a)(2); and Count III, ERISA § 502(a)(3), breach of fiduciary duty claim under 29 U.S.C. § 1132(a)(3). It seeks equitable relief and payment of the Gratz Claim.

On July 13, 2006, Ellerbe and the Plan filed a Third-Party Complaint against Benesight and The Hays Group alleging Count I, Breach of Contract - Benesight; Count II, Negligence - Benesight; Count III, Contribution and Indemnity - Benesight; Count IV, Breach of Fiduciary Duty under ERISA § 502(a)(2) - Benesight; Count V, Breach of Contract - The Hays Group; Count VI, Negligence - The Hays Group ; Count VII, Contribution and Indemnity - The Hays Group; and Count VIII, Declaratory Judgment.

On August 7, 2006, The Hays Group filed a Cross Claim against Benesight, alleging contribution and indemnity.  [Docket No. 14]  On October 26, 2006, Benesight filed a Cross Claim against the Hays Group for contribution and indemnity.  [Docket No. 28]

On November 1, 2006, Fairview filed a Motion to Amend the Complaint, which is currently under advisement before the Magistrate Judge.  [Docket No. 30]

## III.  DISCUSSION

### A.  Standard

A motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss.  <u>Westcott v. City of Omaha</u>, 901 F.2d 1486, 1488 (8th Cir. 1990).  The Court should grant the motion "only if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief."

Id. (citation omitted).  "Judgment on the pleadings is appropriate if the moving party clearly establishes that there are no material issues of fact and that he is entitled to judgment as a matter of law.  Under this strict standard, we accept as true all facts pled by the non-moving party and draw all reasonable inferences from the pleadings in his favor."  Lion Oil Co., Inc. v. Tosco Corp., 90 F.3d 268, 270 (8th Cir. 1996) (citations omitted).

When the statute of limitations is at issue in a motion to dismiss, dismissal is proper only if it appears from the face of the complaint that the limitation period has run.  Varner v. Peterson Farms, 371 F.3d 1011, 1016 (8th Cir. 2004).  See also Omaha World-Herald Co. v. Neasi-Weber Int'l, No. 99-1681, 2000 WL 84430 (8th Cir. Jan. 11, 2000) (unpublished) (reversing dismissal of complaint on statute of limitations grounds because complaint "facially alleged a case for equitable tolling of the limitations period").

**B.   Fairview's Count I: Claim for Benefits Due under 29 U.S.C. § 1132(a)(1)(B)**

**1.   Introduction**

Count One of Fairview's Complaint alleges that the Plan violated 29 U.S.C. § 1132(a)(1)(B) by refusing to pay benefits due under the Plan.  Fairview seeks to enforce Gratz's and Manion's rights under the Plan and recover benefits due for payment of the Gratz Claim, together with interest and attorney fees and costs. 29 U.S.C. § 1132(a)(1)(B) provides that "a participant or beneficiary" may bring a

civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." The movants claim that this claim is barred by the statute of limitations.

### 2.     Applicable Statute of Limitations

The movants claim that Fairview's claim is time barred. ERISA does not contain a statute of limitations for lawsuits to recover plan benefits. Adamson v. Armco, Inc., 44 F.3d 650, 652 (8th Cir. 1995). The Eighth Circuit has held that Minnesota's statute of limitations for claims for recovery of wages, Minn. Stat. § 541.07(5), applies to an employee's claim for benefits due under 29 U.S.C. § 1132(a)(1)(B). Id. at 653. The statute of limitations is thus two years, unless the nonpayment was willful, in which case a three-year limitation applies.

> While statute of limitations questions for ERISA benefit claims are governed by state law, the question of claim accrual is controlled by federal law. A cause of action for plan benefits under ERISA accrues after a plan fiduciary has formally denied an applicant's claim for benefits or when there has been a repudiation by the fiduciary which is clear and made known to the beneficiary.

Cavegn v. Twin City Pipe Trades Pension Plan, 223 F.3d 827, 830 (8th Cir. 2000) (citation omitted).

### 3.     Analysis

The movants argue that, based on Fairview's Complaint, the statute of limitations began to run 90 days after the Gratz Claim was first submitted on

November 12, 2000.  Thus, they claim that the statute of limitations expired two years later on February 10, 2003.  Alternatively, they assert that, at the latest, the Claim accrued 210 days after it was submitted and expired on June 10, 2003.

The Court may consider the Plan documents when deciding this motion for judgment on the pleadings because, "[w]hen deciding a motion to dismiss, a court may consider the complaint and documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading."  Kushner v. Beverly Enters., Inc., 317 F.3d 820, 831 (8th Cir. 2003) (citation omitted).  The movants note that the Plan Document and Summary Plan Description for the Ellerbe Becket Company Employee Medical Plan states: "A Plan Participant will be notified within 90 days of receipt of the claim as to the acceptance or denial of a claim and if not notified within 90 days, the claim shall be deemed denied."  (Plan Document at 41.)  It also states that a denial of benefits may be administratively appealed and that, if there is no response within 60 days, or, at the latest, 120 days, "the Plan Participant may deem the claim denied."  (Id. at 42.)  Benesight asserts that these provisions were consistent with federal regulations in effect in 2000.  29 C.F.R. § 2560.503-1(e)(2), (h)(4) (2000).  "This provision therefore enables a claimant to bring a civil action to have the merits of his application determined, just as he may bring an action to challenge an outright denial of benefits."  Mass. Mut. Life Ins. Co. v.

Russell, 473 U.S. 134, 144 (1985).

The movants argue that, under the Plan documents and the regulations, the Gratz Claim was deemed denied 90 days after Fairview first submitted it for payment. Thus, the two-year statute of limitations expired on February 10, 2003. Alternatively, they claim that the Claim was deemed denied 90 days after it was submitted and any appeal of that decision was deemed denied 120 days later, so on June 10, 2001, Fairview had the right to file a lawsuit to recover the benefits it alleges are due from the Plan. They conclude that the statute of limitations expired, at the latest, two years later, on June 10, 2003.

The Complaint alleges that the Plan pre-certified Gratz's treatment, therefore agreeing that the treatment was covered and would be paid. Also, it alleges that after the Gratz Claim was submitted, it was neither processed nor denied, and that the Plan did not issue a written denial of the Claim. It also alleges that Benesight repeatedly informed Fairview that it had all necessary information for processing the claim and that the claim would be released for payment.

The Court must accept all facts in Fairview's Complaint as true and grant all reasonable inferences arising out of such facts in Fairview's favor. Viewing the Complaint in that light, the Court concludes that, regardless of whether the two- or three-year limitations period applies, the Complaint does not clearly establish

when the Gratz Claim accrued.  The Plan's failure to issue a payment does not constitute a *clear* repudiation of the Claim.  This is particularly true in light of the conflicting messages that Fairview received regarding whether its Claim had been accepted or lost.  From the bare facts alleged in the Complaint, Fairview does not allege any facts that constitute a clear repudiation of the Gratz Claim and no formal denial ever occurred.  The Court finds that the date of accrual is not clear from the Complaint, so the motions for judgment on the pleadings are denied.

Because the Court concludes that the date of accrual of Fairview's claim is not clear from the Complaint, necessarily defeating a motion for judgment on the pleadings based on statute of limitations, the Court does not reach the parties' arguments regarding equitable tolling.

The movants also argue that Fairview forfeited its right to bring this lawsuit because it has failed to exhaust administrative remedies by failing to appeal the automatic 90-day denial of the Gratz Claim.  See Burds v. Union Pac. Corp., 223 F.3d 814, 817 (8th Cir. 2000) ("It is well-established that when exhaustion is clearly required under the terms of an ERISA benefits plan, the plan beneficiary's failure to exhaust her administrative remedies bars her from asserting any unexhausted claims in federal court.") (citation omitted).  However, exhaustion is not required if it would be futile.  Id. at 817 n.4.  In Burds, the employees were asserting a wrongful denial.  In this case, Fairview alleges that the Plan refused to

11

formally decide the Gratz Claim. Because Fairview has been unsuccessful in even getting the Plan to decide the Gratz Claim at all, it would have been futile to appeal this non-decision.

Accordingly, movants' motions to dismiss Count I are denied.

### C.     Fairview's Count II: Breach of Fiduciary Duty Claim under 29 U.S.C. § 1132(a)(2)

29 U.S.C. § 1132(a)(2) provides that "a participant, beneficiary or fiduciary" may bring a civil action "for appropriate relief under section 1109 of this title." Under 29 U.S.C. § 1109(a), a fiduciary

> who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate . . . .

In its Complaint, Fairview asserts that Ellerbe and the Plan breached their fiduciary duties by causing the Plan to not pay the Gratz Claim, and it seeks an injunction requiring immediate processing of the Gratz Claim, providing funding to the Plan for payment of the Gratz Claim, and issuance of payment of the Gratz Claim.

29 U.S.C. § 1132(a)(2) "provides relief only to a plan and not to individual beneficiaries." Conley v. Pitney Bowes, 176 F.3d 1044, 1047 (8th Cir. 1999) (citation omitted). "To the extent that Plaintiffs are seeking payment of past and

12

future . . . benefits, Plaintiffs do not state a claim for relief under section 502(a)(2)." Mahoney v. Nw. Airlines Pension Plan for Contract Employees, No. Civ.02-4339(MJD/JGL), 2004 WL 114946, at *5 (D. Minn. Jan. 8, 2004) (unpublished) (citing Conley, 176 F.3d at 1047).

Fairview admits that 29 U.S.C. § 1132(a)(2) requires claimants to seek relief that will inure to the benefit of the plan as a whole and not to the benefit of individual plan participants. It argues that its Complaint seeks funding to cover the Gratz Claim and equitable relief that will enjoin the Plan from continuing to violate the terms of the Plan documents and ERISA.

Fairview argues that if Ellerbe, rather than the Plan, is required to pay the Gratz Claim, which could include a significant amount of interest and fees that would not have been required had the claim been paid in a timely fashion, the relief will benefit the Plan as a whole because its available assets will not be diminished by the Gratz Claim. Also, Fairview seeks to force the Plan to exercise appropriate oversight of the administrator and to order the Plan to comply with the Plan documents and ERISA, thereby reducing the Plan's exposure to liability on claims asserted by other participants.

Finally, Fairview notes that the statute "does authorize a participant or beneficiary to seek relief for a plan" where the beneficiary produces "evidence of a pattern or practice of fiduciary violations that require reform." Conley, 176 F.3d

at 1047. Fairview asserts that, until it completes discovery, it will not know whether the Plan's oversight failure was part of a larger pattern.

The injunctive and compensatory relief that Fairview seeks would require the Plan to pay the Gratz Claim and would benefit Fairview rather than the Plan. The Complaint does not allege a pattern or practice of fiduciary violations. Fairview's claim for benefits under this Count is barred. The Court dismisses Count Two for failure to state a claim upon which relief can be granted. The Court dismisses this claim without prejudice because a motion to amend is pending before the Magistrate Judge. Because the Court concludes that Count Two fails to state a claim, it does not reach the movants' alternative arguments for dismissal.

### D. Fairview's Count III, Breach of Fiduciary Duty under 29 U.S.C. § 1132(a)(3)

#### 1. Introduction

29 U.S.C. § 1132(a)(3) provides:

A civil action may be brought--

\* \* \*

by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

Unlike claims under § 1132(a)(2), a claim under § 1132(a)(3) is not limited

to relief on behalf of the plan.  Varity Corp. v. Howe, 516 U.S. 489, 515 (1996).

Fairview asserts that Ellerbe violated the statute by breaching its fiduciary duty to control the Plan to ensure that it pay the Gratz Claim and that the Plan failed to properly process and pay the Gratz Claim.  Fairview requests that the Court order Ellerbe and the Plan to cease violating the statute and to enforce Fairview's rights under ERISA and the Plan.

### 2. Failure to State a Claim

The movants claim that Fairview fails to state a claim because the requested relief does not constitute "appropriate equitable relief" under the statute. "[W]here Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'"  Varity Corp. v. Howe, 516 U.S. 489, 515 (1996) (citation omitted).  The movants argue that Fairview is requesting compensatory damages, which is properly addressed under 29 U.S.C. § 1132(a)(1).  When a plaintiff has a direct claim for benefits, "where a plaintiff is provided adequate relief by the right to bring a claim for benefits under . . . § 1132(a)(1)(B), the plaintiff does not have a cause of action to seek the same remedy under § 1132(a)(3)(B)."  Geissal v. Moore Med. Corp., 338 F.3d 926, 933 (8th Cir. 2003) (citations omitted).

Fairview responds that while it is seeking payment of benefits in Count One,

it also seeks an injunction ordering the Plan to process the Gratz Claim in accordance with the terms of the Plan. Fairview argues that its request for equitable relief is appropriate under 29 U.S.C. § 1132(a)(3).

The equitable relief Fairview requests, ordering the Plan to process and pay the Gratz Claim in accordance with the terms of the Plan, is a claim for benefits expressed in equitable language. The Supreme Court has held that neither an injunction requiring payment of money nor specific performance of a monetary obligation is a proper form of relief under this statute. <u>Great-West Life & Annuity Ins. Co. v. Knudson</u>, 534 U.S. 204, 210-11 (2002).

The injunctive relief that Fairview seeks is not appropriate relief under § 1132(a)(3). Count III is dismissed for failure to state a claim upon which relief can be granted. The Court dismisses this claim without prejudice because a motion to amend is pending before the Magistrate Judge. Because the Court concludes that Fairview has failed to state a claim, it does not reach the parties' argument regarding the statute of limitations.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

    1.    Third-Party Defendant Benesight, Inc.'s Motion for Judgment on the Pleadings [Docket No. 23] is **GRANTED IN PART AND DENIED IN**

>    **PART** as follows: Count One remains, and Counts Two and Three are dismissed without prejudice.
>
> 2.   Defendants The Ellerbe Becket Company Employee Medical Plan's and Ellerbe Becket, Inc.'s Motion for Judgment on the Pleadings [Docket No. 54] is **GRANTED IN PART AND DENIED IN PART** as follows: Count One remains, and Counts Two and Three are dismissed without prejudice.

Dated:  March 28, 2007                    s / Michael J. Davis
                                                                         Judge Michael J. Davis
                                                                         United States District Court